UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>Plaintiff,<br><br>vs.<br><br>CISNEROS, et al.,<br><br>Defendants. | **1:20-cv-01101-GSA-PC**<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND**<br><br>**(ECF No. 1.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.   BACKGROUND

Ferdinand Reynolds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 10, 2020. (ECF No. 1.)  The Complaint is now before the court for screening.  28 U.S.C. § 1915.

## II.      SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.     SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California.  The events at issue in the Complaint allegedly took place at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff names as defendants T. Cisneros (Chief Deputy Warden), C. Maudlin (Correctional Counselor Supervisor), and  Sergeant J. Lozano (collectively "Defendants").

The gravamen of Plaintiff's Complaint is that he filed a Staff Complaint against Defendants at SATF on February 12, 2019, which was cancelled at the Third Level of review as untimely because Plaintiff filed the Staff Complaint more than 30 days after the date of the event at issue in the Staff Complaint.  The event at issue, Plaintiff's assault by another inmate, occurred on December 20, 2018.  He was attacked in the dark on his way to the mess hall by an inmate wielding a knife that barely missed Plaintiff's neck.  Plaintiff was not injured, but his clothing was sliced by the knife.  Plaintiff filed a Staff Complaint on February 12, 2019, log no. SATF-C-19-01410, against Defendants for failing to protect him.  However, the Staff Complaint was filed more than 30 days after the December 20, 2018 assault, and on those grounds prison officials cancelled Plaintiff's Staff Complaint as untimely.

Plaintiff contends that his Staff Complaint was timely filed, because section 1.28 of the California Prisoner's Rights Handbook clarifies that both prisoners and public citizens have up to one full year from the date of an event to file a complaint against a California Peace Officer.

Subsequently, Plaintiff filed another inmate appeal complaining that his Staff Complaint was inappropriately cancelled, log no. OOA-19-06147.  The appeal was exhausted to the Third Level of Review.  (See copy of Third Level Appeal Decision dated November 15, 2019 at ECF No. 1 at 30-31 (Exh. H)).[1]

///

---

[1] The Third Level Appeal Decision advises Plaintiff that:

A determination has been made at the TLR that the evidence presented by the appellant is not supported.  The examiner notes the appellant's contention that there are no time limits to file a staff complaint pursuant to CCR 3084.9(a)(1)(5).  The examiner advises the appellant that the CCR section in question is CCR 3084.9(a)(5)(A), which identifies that Staff Complaints involving a PREA sexual violence allegation/appeal shall not have time limits imposed.  The examiner notes appeal Log# SATF 19-01410 did not identify a PREA allegation.  The examiner reviewed appeal Log# SATF-19-01410 which revealed the appellant was appealing the December 13, 2018 ICC decision.  The examiner notes the appeal was first submitted to the SATF Appeals Officer on February 25, 2019, approximately 74 days later.  The CCR 3084.6 states in part: "An appeal may be cancelled for any of the following reasons, which include, but are not limited to: (4) Time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints.  The examiner finds appeal Log# SATF-19-01410 was appropriately cancelled pursuant to CCR 3084.6.  The appellant has not presented a supported explanation for the delay in submitting his appeal in a timely manner.  No further review is required at the TLR.

1    Thus, in this case, Plaintiff challenges the decision of officials at SATF to cancel his Staff

2  Complaint as untimely.

3    Plaintiff seeks as relief $50,000 for emotional distress, $200,000 in punitive damages,

4  and his transfer to a lower level security prison.

5  **IV.    PLAINTIFF'S CLAIMS**

6    The Civil Rights Act under which this action was filed provides:

7    Every person who, under color of any statute, ordinance, regulation, custom, or
     usage, of any State or Territory or the District of Columbia, subjects, or causes to
8    be subjected, any citizen of the United States or other person within the
     jurisdiction thereof to the deprivation of any rights, privileges, or immunities
9    secured by the Constitution and laws, shall be liable to the party injured in an
     action at law, suit in equity, or other proper proceeding for redress . . . .
10

11  42 U.S.C. § 1983.

12    [Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method

13  for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94

14  (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston

15  Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059,

16  1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v.

17  Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law

18  amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the

19  federal Constitution, Section 1983 offers no redress." Id.

20    To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

21  color of state law and (2) the defendant deprived him or her of rights secured by the Constitution

22  or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also

23  Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

24  state law"). A person deprives another of a constitutional right, "within the meaning of § 1983,

25  'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act

26  which he is legally required to do that causes the deprivation of which complaint is made.'"

27  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

28  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be

established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.      Improper Prison Appeals Process

Plaintiff cannot succeed with his claim in this case because actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

However, inmates do not have a protected interest in the processing of their appeals. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley, 997 F.2d at 495; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the

///

1  Fourteenth Amendment." <u>Azeez</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316

2  (E.D. Mo. 1986).

3      The Court finds that Plaintiff cannot succeed with his claim that his due process rights

4  were violated because his Staff Complaint was cancelled as untimely.  Plaintiff's allegations that

5  prison officials failed to properly process his Staff Complaint fail to state a cognizable claim.

6      **B.      State Law Claims**

7      Plaintiff alleges that prison officials failed to comply with section 1.28 of the California

8  Prisoner's Rights Handbook which clarifies that both prisoners and public citizens have up to

9  one full year from the date of an event to file their complaint against a California Peace Officer.

10  To the extent that Plaintiff seeks to challenge the CDCR's rules, this is a state law claim.

11     Violation of state tort law, state regulations, rules and policies of the CDCR, or other state

12  law is not sufficient to state a claim for relief under § 1983.  Section 1983 does not provide a

13  cause of action for violations of state law.  <u>See</u> <u>Galen v. Cnty. of Los Angeles</u>, 477 F.3d 652, 662

14  (9th Cir. 2007).   To state a claim under § 1983, there must be a deprivation of federal

15  constitutional or statutory rights.  <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693 (1976); <u>also</u> <u>see</u> <u>Buckley v.</u>

16  <u>City of Redding</u>, 66 F.3d 188, 190 (9th Cir. 1995); <u>Gonzaga University v. Doe</u>, 536 U.S. 273,

17  279 (2002).  Although the court may exercise supplemental jurisdiction over state law claims,

18  Plaintiff must first have a cognizable claim for relief under federal law.  <u>See</u> 28 U.S.C. § 1367.

19  Here, the Court fails to find any cognizable federal claims in the Complaint.

20     Plaintiff is also advised that the Government Claims Act requires exhaustion of state law

21  claims with California's Victim Compensation and Government Claims Board, and Plaintiff is

22  required to specifically allege compliance in his complaint.  <u>Shirk v. Vista Unified Sch. Dist.</u>, 42

23  Cal.4th 201, 208-09 (Cal. 2007); <u>State v. Superior Court of Kings Cnty. (Bodde)</u>, 32 Cal.4th

24  1234, 1239 (Cal. 2004); <u>Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.</u>, 237 F.3d 1101,

25  1111 (9th Cir. 2001); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir.

26  1995); ); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff

27  has not done so.

28     Therefore, Plaintiff's state law claims fail.

**V.     CONCLUSION, ORDER, AND RECOMMENDATIONS**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  However, in this case the court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under section 1983.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. Johnson v. Powers, No. 221CV02135KJMCKDPS, 2022 WL 432539, at *1 (E.D. Cal. Feb. 11, 2022) (citing see Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc)).

The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.   28 U.S.C. § 1915(e)(2)(B)(ii); Lopez, 203 F.3d at 1127.

**Order**

Accordingly, the Clerk is **HEREBY ORDERED** to randomly assign a United States District Judge to this action.

**and**

**Recommendations**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e):

1.     This case be dismissed, for Plaintiff's failure to state a claim, without leave to amend; and

2.     The Clerk be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 16, 2022**                              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE