UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>  Plaintiff,<br><br>  vs.<br><br>CISNEROS, et al.,<br><br>  Defendants. | 1:20-cv-01101-ADA-GSA-PC<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF THIS CASE**<br><br>**(ECF No. 17.)**<br><br>**ORDER FOR PLAINTIFF TO RESPOND TO THIS ORDER <u>ON OR BEFORE MAY 22, 2023,</u> INFORMING THE COURT WHETHER HE WISHES TO DISMISS THIS CASE AT THIS STAGE OF THE PROCEEDINGS** |

**I.    BACKGROUND**

Ferdinand Reynolds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 10, 2020. (ECF No. 1.)  On February 17, 2022, the Court screened the Complaint and issued findings and recommendations, recommending that this case be dismissed for failure to exhaust administrative remedies, without leave to amend. (ECF No. 10.)

On March 21, 2022, Plaintiff file objections to the findings and recommendations. (ECF No. 13.)  Plaintiff notified the Court that he had inadvertently submitted the wrong prison appeal

in his Complaint and therefore needed to present the correct prison appeal that has been fully reviewed and exhausted. Based on Plaintiff's objections, on April 19, 2023, the Court vacated the findings and recommendations issued on February 17, 2022. (ECF No. 14.) On March 21, 2023, the Court informed Plaintiff that he had leave to amend the Complaint within 30 days. (ECF No. 15.)

On April 26, 2023, Plaintiff filed a notice of voluntary dismissal of this case pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (ECF No. 17.)

**II.    RULE 41**

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Plaintiff has a right to voluntarily dismiss this case under Rule 41 of the Federal Rules of Civil Procedure. In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

**Discussion**

Plaintiff states in his motion for voluntary dismissal that he wishes to dismiss his Complaint because "I am currently without funds to be able to pay my court filing fee's [*sic*] as required in which the defendant's [*sic*] will raise such issue in their motion to have my case dismiss [*sic*]." (ECF No. 17 at 1.)

Plaintiff is currently proceeding with this case *in forma pauperis*, which allows Plaintiff to go forward with this case without paying the filing fees in full. Instead, the Court shall collect payment for Plaintiff's filing fee by deductions from Plaintiff's prison trust account when funds are available. These payments shall be deducted until the filing fee is paid in full, and this is so even if Plaintiff voluntarily dismisses this case or Defendants bring a motion to dismiss this case.

Plaintiff is advised that he has a right to voluntarily dismiss this case under Rule 41. No Defendant has filed an answer or motion for summary judgment in this case. However, knowing the facts about payment of the filing fee may cause Plaintiff to reconsider whether he wants to voluntarily dismiss this case under Rule 41 at this stage of the proceedings. Therefore, the Court shall require Plaintiff to respond to this order **on or before May 22, 2023**, informing the Court whether under these circumstances he wishes to voluntarily dismiss his case under Rule 41. If Plaintiff responds that he does wish to voluntarily dismiss this case, the case shall be dismissed.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. **On or before May 22, 2023**, Plaintiff is required to file a written response to the Court, informing the Court whether knowing the facts about payment of the filing fee, he still wishes to voluntarily dismiss this case under Rule 41 at this stage of the proceedings, or withdraw his request to dismiss and continue to prosecute the case; and,

2. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed in full.

IT IS SO ORDERED.

Dated:   **May 1, 2023**                    /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE