UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>              Plaintiff,<br><br>     vs.<br><br>CISNEROS, et al.,<br><br>              Defendants. | 1:20-cv-01101-ADA-GSA-PC<br><br>**ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL OF THIS ACTION UNDER RULE 41, WITHOUT PREJUDICE**<br>**(ECF No. 17.)**<br><br>**ORDER DIRECTING CLERK TO CLOSE FILE** |

**I.      BACKGROUND**

Ferdinand Reynolds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 10, 2020. (ECF No. 1.)

On April 26, 2023, Plaintiff filed a notice of voluntary dismissal of this case pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (ECF No. 17.)  Plaintiff stated in his motion for voluntary dismissal that he wishes to dismiss his Complaint because "I am currently <u>without</u> funds to be able to pay my court filing fee's [*sic*] as required in which the defendant's [*sic*] will raise such issue in their motion to have my case dismiss [*sic*]." (ECF No. 17 at 1.)

On May 2, 2023, the Court issued an order informing Plaintiff that his *in forma pauperis* status allows him to go forward with this case without paying the filing fees in full; that instead, the Court shall collect payments for Plaintiff's filing fee by deductions from his prison trust account when funds are available; and that these payments shall be deducted until the filing fee is paid in full, even if Plaintiff voluntarily dismisses this case or Defendants bring a motion to dismiss this case. (ECF No. 18.) Plaintiff was ordered to file a response to the Court's order, informing the Court whether -- knowing the facts about *in forma pauperis* status and payment of the filing fee -- he nevertheless wishes to voluntarily dismiss this case under Rule 41 at this stage of the proceedings. (Id.)

On June 1, 2023, Plaintiff filed a response to the Court indicating that he indeed wishes to voluntarily dismiss this case. (ECF No. 19.)

## II.     RULE 41

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Plaintiff has a right to voluntarily dismiss this case under Rule 41 of the Federal Rules of Civil Procedure. In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

No Defendant has filed an answer or motion for summary judgment in this case. Therefore, Plaintiff's notice of dismissal is effective as of the date it was filed, and this case shall be closed.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's notice of dismissal is effective as of the date it was filed, April 26, 2023;
2. This case is DISMISSED in its entirety without prejudice; and
3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **June 12, 2023**                         **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE